UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSE GUADALUPE DOMINGUEZ-CAVAZOS, ) <br>     also known as JOSE LUIS MORIN   ) <br>     ) <br> v.     ) <br>     ) <br> UNITED STATES OF AMERICA     ) | 1:05-cv-116/ 1:03-cr-133 <br> Judge Curtis L. Collier |

## **M E M O R A N D U M**

Petitioner Jose Guadalupe Dominguez-Cavazos ("Petitioner") has filed a *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Petitioner was convicted, pursuant to his guilty plea, of violating 8 U.S.C. § 1326(a) and (b)(2) by illegally reentering the United States after deportation. For this offense, he received a 71-month sentence under the United States Sentencing Guidelines.

In his motion, Petitioner asserts, as grounds for relief: 1) his indictment was insufficient to charge a violation of 8 U.S.C. § 1326(b)(2), since it did not allege he had a prior conviction for an aggravated felony; and 2) given the deficient indictment, the Court lacked jurisdiction to sentence him for such an offense. These claims, in essence, hinge on the premise a prior conviction for an aggravated felony is an element of the offense of illegal reentry, and not simply a sentencing factor. However, for the reasons stated below, the Government will not be required to file a response, and the motion will be **DENIED**.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective on April 24, 1996, there is a one-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255. This date is triggered by one of four events; the relevant event in this case is the conclusion

of direct review.

Petitioner was sentenced on December 19, 2003, and his judgment of conviction was entered on the Court's docket sheet on January 12, 2004 [Court File Nos. 19 and 20 in the criminal case]. Petitioner would have had ten days from the entry of the judgment order to file a notice of appeal, *see* Fed. R. App. P. 4(b)(1)(A), which, in this particular case, would have been January 27, 2004. *See* Fed. R. App. P.26(a)(1) ("Exclude intermediate Saturdays, Sundays and legal holidays when the period is less than 11 days, unless stated in calendar days."). No notice of appeal was filed. Thus, on this date, Petitioner's conviction became final.

A petitioner is afforded a one-year period from the date a judgment becomes final to file a § 2255 motion. *Hyatt v. United States*, 207 F.3d 831, 833 (6th Cir. 2000). In this case, Petitioner would have had, at the very latest, until January 27, 2005, to file his § 2255 motion. Petitioner's § 2255 motion was filed on April 12, 2005, under the prison mailbox rule. *Houston v. Lack*, 487 U.S. 266 (1988); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying *Houston* to § 2255 petitions). Since the statute of limitations expired on January 27, 2005 as to Petitioner's § 2255 motion, and since Petitioner did not file his motion until April 12, 2005, it is untimely. Petitioner offers no explanation for his untimely filing nor is there anything in the record to indicate the limitations period should be equitably tolled. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

The fact Petitioner cites to *United States v. Booker*, 125 S.Ct. 738 (2005), in support of his motion calls for no different conclusion. Though a § 2255 motion is timely if it is filed within one year after the Supreme Court issues an opinion initially recognizing a right, so long as the right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

2

review, *see* 28 U.S.C. § 2255, this does not mean Petitioner's motion is timely because it was filed within one year after the *Booker* decision.

In *Booker*, the Supreme Court noted its holding should be applied "to all cases on direct review," *Booker*, 125 S.Ct. at 769, but it did not conclude the holding applied retroactively to cases where direct appeal was completed. *See In re Anderson*, 396 F.3d 1336, 1339 (11th Cir.2005) (observing "[w]hen the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding"). Assuming *Booker*—decided on January 12, 2005—initially recognized a right Petitioner is asserting, and further assuming the right is newly recognized, *see Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005) (finding the *Booker* rule is "clearly new"), that date does not apply to the Petitioner's § 2255 motion because the holding in *Booker* has not been made retroactive to cases on collateral review. Indeed, the Sixth Circuit has held *Booker* does not apply retroactively to cases on collateral review, such as this § 2255 motion.[1] *Id.*, at 860.

In accordance with the above reasoning, this motion to vacate is time-barred and therefore will be **DENIED**.

---

[1] Though *Apprendi v. New Jersey*, 530 U.S. 466 (2000), (also cited by the Petitioner) is not retroactive either, *see Goode v. United States*, 305 F.3d 378, 385 (6th Cir. 2002), any asserted right based on *Apprendi* would involve an issue of waiver—not retroactivity. This is so because the 2000 decision in *Apprendi* preceded the Petitioner's 2004 sentencing and because *Appendi*-based claims not offered during the plea proceedings or on appeal would be considered waived. *Peveler v. United States*, 269 F.3d 693, 699 (6th Cir. 2001); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). However, even if retroactivity and waiver issues were not involved, Petitioner's claims fail on the merits. This is so because the Sixth Circuit has determined, even after *Apprendi*, a prior aggravated felony conviction is a penalty factor in an illegal reentry offense under § 1326 and as such need not be alleged in the indictment or proved beyond a reasonable doubt. *United States v. Murillo-Iniguez*, 318 F.3d 709, 712-13 (6th Cir. 2003). *Booker* has not changed this determination. *United States v. Moreno-Delgado*, Nos. 03-6656, 03-6657, 127 Fed.Appx. 854, 856-57 (6th Cir. 2005).

An order will enter in accordance with this opinion.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4

Case 1:05-cv-00116   Document 2   Filed 02/15/06   Page 4 of 4   PageID #: 4